***E-FILED - 11/21/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. C 08-4580 RMW (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION<br>OR NOTICE REGARDING<br>SUCH MOTION |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against employees of Mule Creek State Prison ("MCSP"). Plaintiff is granted leave to proceed in forma pauperis in a separate order. The court will order service of the complaint on defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Tufono580srv.wpd           1

1  Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901
2  F.2d 696, 699 (9th Cir. 1988).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
5  and (2) that the alleged deprivation was committed by a person acting under the color of state
6  law. West v. Atkins, 487 U.S. 42, 48 (1988).
7  B.   Plaintiff's Claim
8       Plaintiff alleges that on March 12, 2008, prior to his transfer to Salinas Valley State
9  Prison ("SVSP"), he told defendant CCI Myrath that he was concerned about his enemies if he
10 were to be transferred to SVSP. Defendant Myrath did nothing. On March 21, 2008, plaintiff
11 alleges that he explained to defendant G. R. Wilson why inmates at SVSP wanted to kill him and
12 why they were enemies. Defendant Wilson did nothing. On March 28, 2008, plaintiff alleges
13 that he explained to defendants Captain Olivas and CCII Lamb why inmates at SVSP wanted to
14 kill him, why a transfer would endanger his life, and why they were enemies, and neither
15 defendant did anything. The explanations were faxed to defendant Assistant Warden M. Martel,
16 who also did nothing. Plaintiff alleges no one cancelled or stayed his transfer, nor did anyone
17 document his explanations or enemies, even after being notified of the grave danger in which his
18 life would be placed should he be housed in the same yard as his enemies, who were being
19 housed at SVSP. Liberally construed, plaintiff has stated a cognizable claim of a failure to
20 protect, in violation of his Eighth Amendment right to be free from cruel and unusual
21 punishment. The court will order service of the complaint based on the cognizable claim
22 described above.

23                               **CONCLUSION**

24     1.   The clerk of the court shall issue summons and the United States Marshal shall
25 serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy
26 of this order upon: **Assistant Warden M. Martel, Appeals Coordinator G. R. Wilson, D.**
27 **Arnold, Facility Captain L. Olivas, Correctional Counselor II Lamb,** and **Correctional**
28 **Counselor I Myrath** at **Mule Creek State Prison** in **Ione, California.** The clerk shall also mail

1  a courtesy copy of this order and the complaint, with all attachments thereto, to the **California**
2  **Attorney General's Office**.

3     3. No later than **ninety (90) days** from the date of this order, defendants shall file a
4  motion for summary judgment or other dispositive motion with respect to the claims in the
5  complaint as set forth above, or notify the court that they are of the opinion that this case cannot
6  be resolved by such a motion.

7     a. If defendant elects to file a motion to dismiss on the grounds that plaintiff
8  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
9  defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
10 F.3d 1108, 1119-20 (9th Cir. 2003).

11     b. Any motion for summary judgment shall be supported by adequate factual
12 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
13 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**
14 **immunity found, if material facts are in dispute. If any defendant is of the opinion that this**
15 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
16 **date the summary judgment motion is due.**

17     4. Plaintiff's opposition to the dispositive motion shall be filed with the court and
18 served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

19     a. In the event defendant files an unenumerated motion to dismiss under
20 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

21     The defendants have made a motion to dismiss pursuant to Rule 12(b) of
22 the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of
23 your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn
24 testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers
25 to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your
26 claims. If you do not submit your own evidence in opposition, the motion to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se
28 prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>
<u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.08\Tufono580srv.wpd     3

1  dismiss, if appropriate, may be granted and the case dismissed.

2        b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

5.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further court order is required before the parties may conduct discovery.

2  For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11/19/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge